**Jose Carlos MELENDEZ–CORVERA,
Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

No. 00–71120.
I & NS No. A72–988–068.

United States Court of Appeals,
Ninth Circuit.

Submitted March 11, 2002 *.

Decided March 13, 2002.

Before BRUNETTI, LEAVY, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Jose Carlos Melendez–Corvera, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an Immigration Judge's ("IJ") denial of his application for asylum and withholding of deportation under 8 U.S.C. § 1158(a) and 1253(h). We have jurisdiction under 8 U.S.C. § 1105a(a).[1]

Where, as here, the BIA adopts the IJ's reasoning, this court reviews the IJ's decision as if it were the BIA's. *Rodriguez–*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Because the transitional rules apply, *see Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir. 1997), this court has jurisdiction under 8 U.S.C. § 1105a(a).

*Roman v. INS*, 98 F.3d 416, 425 n. 11 (9th Cir.1996). We review for substantial evidence the factual findings underlying the BIA's determination that a petitioner has not established eligibility for asylum, and will reverse the BIA's decision only if the record compels a contrary result. *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir.1997). We deny the petition.

Because Melendez–Corvera failed to establish that guerrillas persecuted him on account of political opinion, *see id.* at 1489–90, and failed to establish a well-founded fear of future persecution on account of his political opinion, *see Ramos–Vasquez v. INS*, 57 F.3d 857, 861 (9th Cir.1995) ("[M]ere apprehension is not enough to establish a well-founded fear entitling an alien to asylum ....."), substantial evidence supports the BIA's conclusion that Melendez–Corvera was not eligible for asylum.

Because Melendez–Corvera failed to establish eligibility for asylum, he necessarily did not meet the higher standard for withholding of deportation. *See Kazlauskas v. INS*, 46 F.3d 902, 907 (9th Cir.1995).

PETITION FOR REVIEW DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument, *see* Fed. R.App. P. 34(a)(2), and denies Douglass' request for oral argument.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.